IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ASKIA SAAFIR TAI BEY, aka RAYMOND WARREN DORMAN, | : : : | |
| Petitioner, | : : | |
| v. | : : | Civ. Act. No. 92-275-LPS[1] |
| JOHN SEBASTIAN, Delaware Interstate Corrections Compact Administrator, and JOSEPH R. BIDEN, III, Attorney General of the State of Delaware, | : : : : : | |
| Respondents.[2] | : | |

## MEMORANDUM

### I. INTRODUCTION

Pending before the Court is Petitioner Askia Saafir Tai Bey's ("Petitioner") Motion for Reconsideration Filed Pursuant to Federal Rule of Civil Procedure 60(b). (D.I. 19) For the reasons discussed, the Court will deny the Rule 60(b) Motion.

### II. BACKGROUND

In 1987, Petitioner was convicted of two counts of assault in a detention facility, promoting prison contraband, and three related weapons offenses. *See Bey v. State*, 2000 WL 777863 (D. Del. June 14, 2000). He was sentenced to nineteen years of imprisonment. Petitioner filed a notice of appeal, which the Delaware Supreme Court dismissed for want of prosecution. *Id.* at *1.

---

[1] This case was reassigned to the undersigned's docket on April 11, 2014.

[2] The Court has substituted John Sebastian, Delaware's current Interstate Corrections Compact Administrator, for Colleen Shotzberger, a former Interstate Corrections Compact Administrator originally listed in the Motion caption by Petitioner. *See* Fed. R. Civ. P. 25(d).

In May 1990, Petitioner filed in the Delaware Superior Court a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). *See Dorman v. State*, 599 A.2d 412 (Table), 1991 WL 165565 (Del. Aug. 5, 1991), *reh'g denied*, (Del. Sept. 10, 1991). The Superior Court denied the motion as procedurally barred under Rule 61(i)(3)(A), and the Delaware Supreme Court affirmed that decision. *See id.*

In May 1992, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 1987 conviction. The case was referred to Magistrate Judge Mary Pat Thynge. On July 24, 1992, while the petition was pending, the Honorable Joseph J. Farnan, Jr. granted the State's Motion for Leave to Transfer Petitioner to a maximum security facility in New Jersey pursuant to the Interstate Corrections Compact. (D.I. 7; D.I. 11) Thereafter, in May 1993, Magistrate Judge Thynge issued a Report and Recommendation concluding that the § 2254 petition should be dismissed for failure to exhaust state remedies. (D.I. 12) Judge Farnan adopted the Report and Recommendation on July 13, 1993 and dismissed the petition; the case was closed that same day. (D.I. 14)

In September 1992, using the name "Raymond Dorman," Petitioner filed in the Delaware Superior Court a second Rule 61 motion challenging his 1987 conviction. *See State v. Dorman*, 1992 WL 301675 (Del. Super. Ct. Oct. 20, 1992). The Superior Court denied the Rule 61 motion as time-barred, and the Delaware Supreme Court affirmed that decision. *See id.* at *1; *Dorman v. State*, 622 A.2d 1095 (Table), 1993 WL 61704 (Del. Feb. 24, 1993).

In August 1999, using the name Askia Saafir Tai Bey, Petitioner filed a second petition for federal habeas relief challenging his 1987 conviction. *See Bey v. Hendricks*, 2000 WL 777863 (D. Del. June 14, 2000). The Honorable Sue L. Robinson denied the petition as time-

2

barred on June 14, 2000. *See id.*

In May 2012, using the name "Raymond Dorman," Petitioner filed in the Delaware Superior Court a third Rule 61 motion. *See State v. Dorman*, 2012 WL 3329657, at *1 (Del. Super. Ct. Aug. 10, 2012). The Superior Court denied the Rule 61 motion as both time-barred and procedurally barred, and the Delaware Supreme Court affirmed that decision. *Id.*; *see also Dorman v. State*, 62 A.3d 1223 (Table), 2013 WL 653711 (Del. Feb. 21, 2013).

In March 2013, using the name "Raymond Dorman," Petitioner filed a third federal habeas petition challenging his 1987 conviction. *See Dorman v. Warden, N.J. State Prison*, Civ. A. No. 13-420-RGA (D. Del. Mar. 2013). The Honorable Richard G. Andrews denied the petition as second or successive on May 14, 2013. *See Dorman v. Warden, N.J. State Prison*, 2013 WL 2021212 (D. Del. May 14, 2013).

On October 21, 2013, using the name Askia Saafir Tai Bey, Petitioner filed a "Motion for Reconsideration Pursuant to Federal Rule of Civil Procedure 60(b)" in this habeas proceeding that was closed in 1993. (D.I. 19) In the Motion, Petitioner asks the Court to reconsider his 1992 transfer to a New Jersey prison. *See id.*

### III. LEGAL STANDARDS

A motion for reconsideration filed pursuant to Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Rule 60(b) motions are addressed to the sound discretion of the trial court, and are guided by accepted legal principles applied in light of all relevant circumstances. *See Pierce Ass'n., Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir.

3

1988).

## IV. DISCUSSION

In his pending Rule 60(b) Motion, Petitioner asks the Court to reconsider the July 24, 1992 Order signed by the Honorable Joseph J. Farnan, Jr. which granted the State's motion to transfer him to a closed custody housing unit in a prison located in the State of New Jersey. Petitioner asserts that he was transferred "under pretense" to a "housing unit called the Management Control Unit ('MCU'), which is a highly structured security unit used for housing inmates that the State of New Jersey Department of Corrections deems to be a security threat to the orderly operations of any New Jersey correctional facility." (D.I. 19 at 1-2) He contends that the State "failed to advise the Court in [its] motion seeking Petitioner's transfer that Petitioner, as a Delaware state prisoner, is serving a natural life sentence under the Persistent Offender Act, and would be eligible to petition to the Delaware Board of Pardons Commutation for a pardon or commutation from his sentence," except that the Delaware "Board of Pardons and Commutation will not consider him for a pardon or commutation if he is placed in a closed custody unit such as the Management Control Unit in New Jersey." (D.I. 19 at 2) As such, Petitioner asserts that his federal constitutional rights are being violated because his current custody situation is preventing him from seeking release pursuant to the Parole Board Act. (*See id.*) Petitioner specifically asks the Court to reconsider his transfer to New Jersey and return him to a prison in Delaware so that he can "seek the necessary programming to seek a pardon and commutation of his sentence from the Board of Pardons." (*See id.* at 3-4)

As an initial matter, the Court is not persuaded that Petitioner's argument can be entertained on habeas review. Although Petitioner discusses how his current custody affects his

4

future ability to seek a pardon or commutation of sentence, his main argument does not necessarily imply the unlawfulness of his incarceration or explicitly seek a speedier release. Rather, Petitioner challenges his prison transfer with respect to the security level of his present confinement, which is more properly classified as a conditions of confinement claim that should be brought pursuant to 42 U.S.C. § 1983.[3] *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Thus, to the extent the instant Motion should be construed as challenging the conditions of Petitioner's confinement, it is denied for failing to present an issue cognizable on federal habeas review.

Nevertheless, even if the Court were to construe the instant Motion as a true Rule 60(b) motion capable of being reviewed in this habeas proceeding, the Court concludes that reconsideration of Petitioner's transfer to a prison in New Jersey is not warranted. Although

---

[3] Even if Petitioner were to pursue relief under §1983, the likelihood of success is doubtful. To begin, Petitioner does not have a constitutional right to seek a pardon and/or a commutation of his sentence. *See Conn. Bd. of Pardons v. Dumschat*, 452 U.S. 458 (1981). As a result, his allegation that his present housing situation violates his constitutional rights because he is precluded from seeking a pardon and/or commutation sentence necessarily fails. Similarly, to the extent Petitioner is alleging that his present housing violates his right to due process, the argument fails, because an inmate has no protected interest guaranteeing that he remain in a particular prison, or preventing his transfer to another correctional facility, either within the same state or to a different state. *See Wilkinson v. Austin*, 545 U.S. 209, 221-22 (2005); *Olim v. Wakinekona*, 461 U.S. 238, 247 (1983); *Beshaw v. Fenton*, 635 F.2d 239 (3d Cir. 1980). Additionally, to the extent Petitioner is alleging his present housing is preventing him from entering certain rehabilitative programs, the argument fails, because Petitioner does not have a constitutional right to "rehabilitation, education, or jobs." *See Rhodes v. Chapman*, 452 U.S. 337, 348 (1981); *Groppi v. Bosco*, 208 F. App'x 113, 115 (3d Cir. 2006); *Nave v. Danberg*, 2013 WL 791403 (D. Del. Mar. 1, 2013). To the extent Petitioner's contention should be construed as alleging that his confinement constitutes cruel and unusual punishment, his allegations fail to establish a viable Eighth Amendment claim. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (to succeed on Eighth Amendment claim, a plaintiff must show "he has suffered an objectively, sufficiently serious injury, and that prison officials inflicted the injury with deliberate indifference").

Petitioner does not identify the subsection of Rule 60(b) under which he is seeking relief, the Court construes the Motion as being filed pursuant to Rule 60(b)(6) – the "catch-all" provision – because Rule 60(b)(6) permits a party to seek reconsideration for "any other reason [other than the specific circumstances set out in Rule 60(b)(1)-(5)] that justifies relief" from the operation of the judgment. *See* Fed. R. Civ. P. 60(b)(6); *Gonzalez*, 545 U.S. at 529. Notably, the "extraordinary relief" that may be provided under Rule 60(b)(6) is only available in "exceptional circumstances." *See Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 273 (3d Cir. 2002). In addition, a Rule 60(b)(6) motion must be filed within a "reasonable time,"[4] which is determined by considering the interest of finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and the consideration of prejudice, if any, to other parties. *See Dietsch v. United States*, 2 F. Supp. 2d 627, 633 (D.N.J. 1988). As a general rule, a Rule 60(b)(6) motion filed more than one year after final judgment is untimely unless "extraordinary circumstances" excuse the party's failure to proceed sooner. *See generally Ackerman v. United States*, 340 U.S. 193, 202 (1950).

In this case, Petitioner filed his Rule 60(b)(6) Motion twenty-two years after his transfer to a New Jersey prison, and twenty-one years after the instant case was dismissed and closed. Significantly, Petitioner does not provide any reason for his extreme delay in filing the instant Motion. After considering the facts of this case, Petitioner's failure to provide any compelling justification for his twenty-two year delay in seeking relief, the interest in finality, and Petitioner's apparent ability to discover the basis for this Motion at a much earlier point, the Court concludes that the instant Rule 60(b)(6) Motion was filed well outside the parameters of

---

[4]*See Delzona Corp. v. Sacks*, 265 F.2d 157, 159 (3d Cir. 1959).

the "reasonable time" requirement of Rule 60(b)(6). *See Moolenaar v. Gov't of Virgin Islands,* 822 F.2d 1342, 1348 (3d Cir. 1987) (finding Rule 60(b)(6) motion brought almost two years after district court's original judgment to be untimely). In addition, Petitioner has not presented any extraordinary circumstances that excuse his delay and warrant granting his Motion. *See Choi v. Kim,* 258 F. App'x 413, 415 (3d Cir. 2007). Accordingly, the Court will deny Petitioner's instant request for relief under Rule 60(b)(6) as untimely.

## VI. CONCLUSION

For the aforementioned reason, Petitioner's Rule 60(b)(6) Motion for Reconsideration is denied. In addition, the Court will not issue a certificate of appealability, because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also United States v. Eyer,* 113 F.3d 470 (3d Cir. 1997); 3d Cir. LAR 22.2 (2011). A separate Order will be entered.

Dated: August 13, 2014

_____
UNITED STATES DISTRICT JUDGE