IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ASKIA SAAFIR TAI BEY, aka Raymond W. Dorman, | : : : | |
| Petitioner, | : : | |
| v. | : : | C.A. No. 92-275-LPS |
| SUPERIOR COURT OF DELAWARE, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, et al., | : : : : | |
| Respondents. | : | |

## MEMORANDUM

### I. BACKGROUND

In 1987, Petitioner was convicted of two counts of assault in a detention facility, promoting prison contraband, and three related weapons offenses. *See Bey v. Hendricks*, 2000 WL 777863 (D. Del. June 14, 2000). He was sentenced to nineteen years of imprisonment. Petitioner filed a notice of appeal, which the Delaware Supreme Court dismissed for want of prosecution. *Id.* at *1.

In May 1990, Petitioner filed in the Delaware Superior Court a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). *See Dorman v. State*, 599 A.2d 412 (Table), 1991 WL 165565 (Del. Aug. 5, 1991), *reh'g denied*, (Del. Sept. 10, 1991). The Superior Court denied the motion as procedurally barred under Rule 61(i)(3)(A), and the Delaware Supreme Court affirmed that decision. *See id.*

In May 1992, Petitioner filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his 1987 conviction. The case was referred to Magistrate Judge Mary Pat Thynge. On July 24, 1992, while the petition was pending, the Honorable Joseph J. Farnan, Jr., granted the State's Motion for Leave to Transfer Petitioner to a maximum security facility in New

Jersey, pursuant to the Interstate Corrections Compact. (D.I. 7; D.I. 11) Thereafter, in May 1993, Magistrate Judge Thynge issued a Report and Recommendation concluding that the § 2254 petition should be dismissed for failure to exhaust state remedies. (D.I. 12) Judge Farnan adopted the Report and Recommendation on July 13, 1993 and dismissed the petition; the case was closed that same day. (D.I. 14)

In September 1992, using the name "Raymond Dorman," Petitioner filed in the Delaware Superior Court a second Rule 61 motion challenging his 1987 conviction. *See State v. Dorman*, 1992 WL 301675 (Del. Super. Ct. Oct. 20, 1992). The Superior Court denied the Rule 61 motion as time-barred, and the Delaware Supreme Court affirmed that decision. *See id.* at *1; *Dorman v. State*, 622 A.2d 1095 (Table), 1993 WL 61704 (Del. Feb. 24, 1993).

In August 1999, using the name Askia Saafir Tai Bey, Petitioner filed a second petition for federal habeas relief challenging his 1987 conviction. *See Bey*, 2000 WL 777863, at *1. The Honorable Sue L. Robinson denied the petition as time-barred on June 14, 2000. *See id.* at *3.

In May 2012, using the name "Raymond Dorman," Petitioner filed in the Delaware Superior Court a third Rule 61 motion. *See State v. Dorman*, 2012 WL 3329657, at *1 (Del. Super. Ct. Aug. 10, 2012). The Superior Court denied the Rule 61 motion as both time-barred and procedurally barred, and the Delaware Supreme Court affirmed that decision. *Id.*; *see Dorman v. State*, 62 A.3d 1223 (Table), 2013 WL 653711 (Del. Feb. 21, 2013).

In March 2013, using the name "Raymond Dorman," Petitioner filed a third federal habeas petition challenging his 1987 conviction. *See Dorman v. Warden, N.J. State Prison*, Civ. A. No. 13-420-RGA (D. Del. Mar. 2013) The Honorable Richard G. Andrews denied the petition as second or successive on May 14, 2013. *See Dorman v. Warden, N.J. State Prison*, 2013 WL 2021212, at *1 (D. Del. May 14, 2013).

2

On October 21, 2013, using the name "Askia Saafir Tai Bey," Petitioner filed a "Motion for Reconsideration Pursuant to Federal Rule of Civil Procedure 60(b)" in this habeas proceeding, which had been closed in 1993 (D.I. 19) and reassigned to the undersigned Judge on April 11, 2014. In the Motion, Petitioner asked the Court to reconsider his 1992 transfer to a New Jersey prison. The Court denied the Rule 60(b) Motion on August 14, 2014. (D.I. 23; D.I. 24)

On August 22, 2019, Petitioner filed a document titled "Mandamus Writ," which the Court construes to be a Motion for Writ of Mandamus. (D.I. 26) In this pending Motion, Petitioner asks the Court to order the Delaware Superior Court Prothonotary to provide him with a "print-out of 'Interstate Transfer Agreement Ruling' along with 'Sentencing Title and Rule for Habitual Offender's Act.'" (D.I. 26 at 1) He subsequently filed what appears to be a letter in support of his mandamus request. (D.I. 28) Although not entirely clear, Petitioner appears to seek background information regarding his transfer to New Jersey and whether the State of Delaware has an obligation to review the status of his twenty-seven yearlong placement in New Jersey's "maximum control" custody. (D.I. 28 at 2-3) Petitioner appears to seek information on New Jersey's failure to place him in the general prison population. (D.I. 28 at 3)

## II. LEGAL STANDARDS

Mandamus is a drastic remedy to be used only in extraordinary circumstances,[1] and such relief is only available when: (1) the petitioner demonstrates that he has "no other adequate means to attain the relief he desires;" (2) the petitioner demonstrates that "his right to the issuance of the writ is clear and indisputable;" and (3) the issuing court is satisfied that "the writ is appropriate under the circumstances." *Hollingsworth v. Perry*, 558 U.S. 183, 190-91 (2010). However, a federal court has

---

[1] *See Kerr v. United States Dist. Ct.*, 426 U.S. 394, 402 (1976).

3

jurisdiction to issue a writ of mandamus only "in aid" of its jurisdiction. *See* 28 U.S.C. § 1651(a). As such, a federal court may issue a writ of mandamus only if there is an independent basis for subject matter jurisdiction. *See United States v. Christian*, 660 F.2d 892, 894 (3d Cir. 1981) ("Before entertaining [a petition for a writ of mandamus, the court] must identify a jurisdiction that the issuance of the writ might assist."). Federal courts have jurisdiction "in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." 28 U.S.C. § 1361.

## III. DISCUSSION

"State courts are not 'lower courts' from this Court's perspective, and principles of comity and federalism ensure that a federal court ordinarily may not issue a writ of mandamus to compel a state court to exercise a jurisdiction entrusted to it." *In re Whiteford*, 2013 WL 979413, at *1 (3d Cir. Mar. 14, 2013). In his Motion for Writ of Mandamus, Petitioner asks the Court to order the Superior Court Prothonotary to provide him with a "print-out of 'Interstate Transfer Agreement Ruling' along with 'Sentencing Title and Rule for Habitual Offenders Act.'" (D.I. 26 at 1) However, he does not allege any action or omission by a federal officer, employee, or agency that this Court might have mandamus jurisdiction to address in the first instance. Therefore, the Court will dismiss the instant Motion because the Court does not have jurisdiction to grant Petitioner's request.[1] *See In re Wolenski*, 324 F.2d 309 (3d Cir. 1963) (finding District Court "had no jurisdiction" to "issue a writ of mandamus compelling action by a state official").

---

[1] Petitioner appears to complain that he remains in "maximum control" custody even though New Jersey has "dutifully rehoused all of their long term housements [sic] (including out of state transfers) to general housing facilities." (D.I. 28 at 3) To the extent Petitioner is challenging the conditions of his confinement in a New Jersey correctional institution, his complaint might be properly presented under 42 U.S.C. § 1983.

4

## IV. CONCLUSION

For the aforementioned reasons, the Court concludes that it must deny the instant Motion for lack of jurisdiction. In addition, the Court will not issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C.§ 2253(c)(2); *see also United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. LAR 22.2 (2011). A separate Order will be entered.

Dated: February 21, 2020
Wilmington, Delaware

UNITED STATES DISTRICT JUDGE

5